IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY BURNSIDE,

    Plaintiff,

v.                                                                 No. CV 21-518 KG/CG

HARBOR FREIGHT TOOLS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant Harbor Freight Tools' *Motion to Dismiss* (the "Motion"), (Doc. 7), filed June 14, 2021. Plaintiff Johnny Burnside has filed no response to the Motion, and the time for doing so has now passed.[1] *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion.").

On October 21, 2021, United States District Judge Kenneth J. Gonzales referred this Motion to the undersigned to make findings of fact, conduct legal analysis, and recommend a disposition. (Doc. 12). After considering the Motion, the record, and the relevant law, the Court **RECOMMENDS** that Defendant Harbor Freight Tools' *Motion to Dismiss*, (Doc. 7), be **GRANTED** and the case be **DISMISSED WITHOUT PREJUDICE**.

**I.    Background**

This case arises from an incident occurring at one of Defendant Harbor Freight Tools' stores on April 27, 2021. (Doc. 1-2 at 8). Mr. Burnside alleges that while he was

---

[1] The general rule that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion[,]" D.N.M. LR-Civ. 7.1(b), does not apply to motions for summary judgment or motions to dismiss under FED. R. CIV. P. 12(b)(6). *Lopez v. Delta Int'l Machinery Corp.*, 2:15-cv-193 JB/GBW, 2016 WL 1408152, at *2 (D.N.M. March 15, 2016) (internal citations omitted). Thus, the Court will consider the merits of the Motion.

shopping, he "took out [his] phone to look at the online coupons," and then accidentally "almost ran into" another customer. *Id.* at 4. He alleges he said something under his breath, upon which the other customer yelled, "Stop taking pictures of me, stop taking pictures of me[,] I'll call the cops on you." *Id.* Mr. Burnside states that, to prove he had not taken any photographs, he showed his phone to one of Defendant's employees, who explained to the other customer that Mr. Burnside was not photographing her. *Id.*

Sometime thereafter, according to Mr. Burnside, "[a] small crowd of people had assemble[d] in the aisle" asking what Mr. Burnside had done to the other customer. *Id.* Mr. Burnside alleges the crowd had assembled around him, and the customer had falsely accused him of photographing her, because he was "the only African American person in the store." *Id.* Another of Defendant's employees allegedly then said to Mr. Burnside, "What do you want me to do about it?" *Id.* at 5. Mr. Burnside responded that "if the roles were reversed[,] something would have been done." *Id.* Mr. Burnside then completed his purchase and left the store. *Id.* at 8 (receipt documenting purchase). Mr. Burnside states that as a result of this interaction, he "felt threatened, discriminated [against], humiliated, and embarrassed." *Id.* Mr. Burnside states he made an online complaint with Harbor Freight Tools prior to filing this action. *Id.* at 7.

On May 3, 2021, Mr. Burnside filed a complaint (the "Complaint") in the Third Judicial District Court in Dona Ana County, New Mexico. (Doc. 1-2 at 2-9). In the Complaint, Mr. Burnside alleges "bias and racial discrimination/harassment; defamation of character," as well as negligence on the part of Defendant. *Id.* at 6. He asserts that he should be "respected and given the opportunity to shop in these public accommodation[s] . . . without being profiled," and asks for monetary damages in the amount of $100,000, with interest and court costs. *Id.* at 2, 6.

On June 7, 2021, Defendant filed a *Notice of Removal* (the "Notice of Removal"), (Doc. 1), on the basis of diversity jurisdiction, removing this action to the United States District Court for the District of New Mexico. Defendant alleged in the Notice of Removal that Mr. Burnside is a resident and citizen of New Mexico, whereas Defendant was incorporated in Delaware and maintains its principal place of business in California. *Id.* at 1.

On June 14, 2021, Defendant filed the instant Motion, seeking dismissal of Mr. Burnside's Complaint without prejudice for "fail[ure] to state a cause of action" or "[i]n the alternative . . . for a more definite statement." (Doc. 7 at 1).

## II.     Legal Standard

The Federal Rules of Civil Procedure provide that a complaint must contain a "short and plain" statement of: (1) the grounds supporting the court's jurisdiction; (2) the claim showing that the plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). A defendant may move the court to dismiss a complaint for, among other things, "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To comply with the pleading requirements of Rule 12(b)(6), a "plaintiff must allege enough factual matter, taken as true, to make his claim to relief … plausible on its face." *Bryson v. Gonzales*, 534 f.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

"The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level." *Hall v.*

3

*Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citation and internal quotation marks omitted). In addition, the court cannot consider matters outside of the pleading, nor is it required to accept conclusory or unsupported allegations. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). Moreover, "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim. *Twombly*, 550 U.S. at 555. Finally, "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted).

The pleading standard is lower for pro se litigants. "A pro se litigant's pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts cannot "assume the role of advocate" for a pro se litigant. *Id*. Courts "are not required to fashion [a pro se party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

**III.    Analysis**

In its Motion, Defendant contends Mr. Burnside "alleges no facts satisfying the *Twombly/Iqbal* plausibility requirements[,]" and fails to even "specify the claims he is making or the relevant statu[t]es he claims were violated[.]" (Doc. 7 at 3). Defendant therefore "addresses the legal claims [Mr. Burnside] may be attempting to raise[,]" namely violations of 42 U.S.C. § 1981 and the New Mexico Human Rights Act ("NMHRA"), and claims of defamation and negligence. *Id.* at 3-7. Defendant argues that Mr. Burnside has failed to state a claim under each of these theories of liability, and asks that the Court dismiss his Complaint. *Id.* Defendant additionally asks, in the alternative, that the Court require Mr. Burnside to provide a more definite statement of his claims. *Id.*

at 7.

The Court agrees that the claims identified by Defendant appear to capture the universe of claims possibly raised in the Complaint. The Court will thus address each claim in turn.

### a. 42 U.S.C. § 1981

Section 1981 "prohibits racial discrimination in the making and enforcement of private contracts." *Chavez-Acosta v. Southwest Cheese Co.*, LLC, 2:12-cv-353 JAP/CG, 2012 WL 12831308, at *7 (D.N.M. Aug. 3, 2021) (quoting *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)); *see also* 42 U.S.C. § 1981. To state a § 1981 claim of discrimination with regard to contracting, a plaintiff must allege (1) that he is a member of a protected class, (2) that the defendant had the intent to discriminate on the basis of race, and (3) that the discrimination interfered with his ability to make and enforce a private contract. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). Under Tenth Circuit case law, § 1981 claims typically require actual loss of a contract interest, not merely the possible loss of future contract opportunities. *See Hampton*, 247 F.3d at 1101 (requiring actual loss of a contract interest for a claim of interference with the right to contract); *Harris v. Allstate Ins. Co.*, 300 F. 3d 1183, 1195 (10th Cir. 2002) (claims of interference under § 1981 must involve the actual loss of a contract interest, not merely the possibility of future loss).

Here, Mr. Burnside alleges in his Complaint that he was "the only African American person in the store." (Doc. 1-2 at 4). This satisfies the first element. *See Mann v. XPO Logistics Freight, Inc.*, 819 Fed. App'x 585, 594 (10th Cir. 2020) (citing 42 U.S.C. § 1981) ("Race, age, and gender are all protected classes under federal law.").

As to the second element, however, Mr. Burnside alleges only that after another

5

customer had accused him of photographing her and a crowd had formed, one of Defendant's employees said to him, "What do you want me to do about it?" (Doc. 1-2 at 5). This question, alone, evinces no obvious intent to discriminate or, much less, any discrimination itself. *See*, *e.g.*, *Lindsey v. Thomson*, 275 Fed. App'x 744, 745 (10th Cir. 2007) (finding that plaintiff's complaint failed to state a claim under § 1981 "because there is no allegation that the Defendants intentionally discriminated against the Plaintiff on the basis of race").

Likewise, Mr. Burnside fails to allege that Defendant's employees interfered with his ability to make and enforce a private contract. Mr. Burnside actually provides proof attached to the Complaint of a completed transaction at Defendant's store. (Doc. 1-2 at 8). He has thus failed to meet the requirement of actual loss of a contract interest. *Hampton,* 247 F.3d at 1101; *Harris,* 300 F.3d at 1195.

Even if, in the context of a retail purchase, actual loss of the contract were not required in order to show interference, Mr. Burnside fails to allege that Defendant's employees, rather than other customers, engaged in the alleged interference. *See Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1247 (D.N.M. July 7, 2010) ("[Section 1981] has also been applied to discrimination claims arising in the retail sector and restaurant industry.") (citing *Bobbitt v. Rage, Inc.*, 19 F. Supp. 2d 512, 518-20 (W.D.N.C. 1998) (allowing action to proceed where plaintiffs, who were forced to prepay for food in pizza restaurant, demonstrated that restaurant altered a fundamental characteristic of the food service based on race)).

Therefore, the Court finds Mr. Burnside has failed to state a claim under § 1981. *See*, *e.g.*, *Muller v. Islands at Rio Rancho Homeowners Ass'n*, 564 F. App'x 411, 414 (10th Cir. 2014) (upholding dismissal of § 1981 claim where "complaint failed to allege

the violation of . . . contract-related right and that such violation was race-based").

### b. The New Mexico Human Rights Act

Turning to the analogous state statute, the NMHRA prohibits racial discrimination by a public accommodation, defined as an "establishment that provides or offers its services, facilities, accommodations or goods to the public" except a "bona fide private club" or other place that is "by its nature and use distinctly private." N.M.S.A. § 28-1-2(H). In particular, it bans public accommodations from making a race-based distinction "in offering or refusing to offer its services, facilities, accommodations or goods to any person because of race . . ." N.M.S.A. § 28-1-7(F).

For largely the same reasons explained above, Mr. Burnside's Complaint fails to state a claim under the NMHRA. Mr. Burnside has not alleged that Defendant or its employees made any racially-based distinction in offering or refusing to offer its services, facilities, accommodations or goods. He alleges merely that a customer accused him of photographing her, that a crowd formed as a result, that an employee asked what Mr. Burnside wanted him to do about the commotion, and that all of this was because of his race. However, Mr. Burnside fails to allege facts showing that Defendant's employee would have responded differently to someone of another race or, more importantly, that any of these actions prevented him from using or purchasing Defendant's services, facilities, accommodations or goods. Rather, as stated above, Mr. Burnside offers proof that he completed his purchase. (Doc. 1-2 at 8).

Additionally, Mr. Burnside fails to state a claim under the NMHRA because he does not allege that he exhausted his claims administratively with the New Mexico Human Rights Commission before suing under the NMHRA. *See, e.g.*, *Martinez v. New Mexico Dep't of Game & Fish*, 1:16-cv-299 WJ/SCY, 2016 WL 10179297, at *2 (D.N.M.

Sept. 19, 2016) (dismissing for failure to state a claim where plaintiff failed to exhaust administrative remedies). Therefore, the Court finds Mr. Burnside has failed to state a claim under the NMHRA.

        *c. Defamation*

Next, the Court will consider Mr. Burnside's claim of defamation. Mr. Burnside generally alleges "bias and racial discrimination/harassment; defamation of character." (Doc. 1-2 at 6). It is unclear, from his Complaint, what he believes constituted defamation—whether it was something that Defendant's employee said, or whether it was merely the other customer's claim that he was taking her picture. *Id.*

In any event, in order to state a claim for defamation of character, a plaintiff must plausibly allege nine elements, including (1) the defendant published a communication (2) containing a statement of fact that (3) was about the plaintiff, that (4) the statement was false, (5) the communication was defamatory, (6) the person receiving the communication understood it to be defamatory, (7) the defendant knew or should have known the communication was false, (8) the communication caused actual injury, and (9) the defendant abused its privilege to publish the communication. *See Silver v. Quora, Inc.*, 1:15-cv-830 WPL/KK, 2016 WL 7447556, at *6 (D.N.M. Jan. 25, 2016) (citing UJI 13-1002(B) NMRA 2016).

While Mr. Burnside filed his Complaint pro se, he was still required to plead allegations that are not "merely conclusory" and "without supporting fact[s]." *Fisher*, 38 F.3d at 1147. Here, Mr. Burnside did not allege that Defendant made a false or defamatory statement about him, let alone that they published it or that it caused actual injury to his reputation. *See* (Doc. 1-2). His allegations fail to "raise a right to relief above the speculative level," and thus the Court finds Mr. Burnside has failed to state a claim of

defamation. *Hall*, 584 F.3d at 863.

### d. Negligence

Finally, in order to state a claim for negligence, a plaintiff needs to allege sufficient facts to show that (1) the defendant owed him a duty of care, (2) the defendant breached that duty, (3) the plaintiff was damaged, and (4) the defendant's breach was the proximate cause of the plaintiff's damages. *Martinez v. CO2 Servs., Inc.*, 1:99-cv-033 JC/DJS, 2000 WL 36739793, at *2 (D.N.M. June 21, 2000), *aff'd*, 12 F. App'x 689 (10th Cir. 2001).

In New Mexico, a store owner is not "an insurer or guarantor of the safety" of his or her customers. *Hallett v. Furr's, Inc.*, 378 P.2d 613, 617 (N.M. 1963). Accordingly, "[n]egligence on the part of a storekeeper or owner of business premises may not be presumed merely from the fact that an injury has been sustained by one while rightfully upon the premises." *Williamson v. Piggly Wiggly Shop Rite Foods*, Inc., 458 P.2d 843, 844 (N.M. Ct. App. 1969). Rather, a plaintiff must "come forward with some positive evidence of negligence." *Guttierez v. Albertsons, Inc.*, 824 P.2d 1058, 1061 (N.M. Ct. App. 1991).

Here, it appears Mr. Burnside is arguing that, as a customer at Defendant's store, Defendant owed him a duty of care to protect him from harassment by other customers, and to respond appropriately in the event of such harassment, and that Defendant breached this duty. *See* (Doc. 1-2 at 4). In particular, he had a conversation with an employee who seemed to verbally dismiss his concerns, upon which Mr. Burnside stated, "if the roles were reversed[,] something would have been done," meaning that the employee would have taken corrective action if Mr. Burnside had been another race. *Id.* at 5. Mr. Burnside states that his interaction with other customers made him feel

9

"threatened, discriminated [against], humiliated and embarrassed." *Id.* at 5.

However, Mr. Burnside fails to state that the humiliation, embarrassment, and threat he allegedly experienced resulted from an action *by Defendant*, as opposed to other customers, or that it resulted from Defendant's alleged breach of duty. He also fails to state that any alleged breach of duty by Defendant was the proximate cause of any damages. *Id.* The Court therefore finds that Mr. Burnside failed to state a claim for negligence. *See, e.g., Nowell v. Medtronic Inc.,* 372 F. Supp. 3d 1166, 1246 (D.N.M. 2019), aff'd, 2021 WL 4979300 (10th Cir. Oct. 27, 2021) (complaint failed to state a claim as it did not allege facts that plausibly establish a connection between alleged negligence and injury).

### IV.    Recommended Disposition

In light of the foregoing, the Court **RECOMMENDS** Defendant Harbor Freight Tools' *Motion to Dismiss*, (Doc. 7), be **GRANTED** and the case be **DISMISSED WITHOUT PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE